# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

GEORGE W. MOSHER, Plaintiff in Error, v. THE PEO-
PLE OF THE STATE OF NEW YORK Defendants in
Error.

*Accomplice— testimony of, may be corroborated though he has not been impeached.*

WRIT OF ERROR to the Court of Sessions of Cayuga county to
review the conviction of the plaintiff in error as an accessory, before
the fact, to the crime of grand larceny. The larceny charged in the
indictment was the stealing of a span of horses on the 20th day
of August, 1877. On the trial of the plaintiff in error the Peo-
ple availed themselves of the testimony of one David Elmer, an
accomplice in the commission of the felony; in the course of
his examination in behalf of the prosecution, Elmer had testified
as follows: " George asked me if I wanted to go into something
to make money at; I said, yes, if to make it honest; he asked me
if I wanted to go in in taking horses; I said, no, I'll be catched
at that; he said he would risk that; he never was catched yet;
he said all he was afraid of was Pete Scott might come out on
him; he had made the offer to him; he said he calculated to
take Fox's team; that he would not dare to take that now; he
would have to take another one`; he said he and Chester would
have to look around; he said Mr. French had a pretty good
team; he had seen him drive it."

The Pete Scott referred to was also examined as a witness for
the prosecution, and was asked if he had any conversation with
George Mosher a short time previous to the taking of French's
horses. This was objected to as incompetent. The objection was
overruled, and the witness stated that he had had such a conversa-
tion about July the twentieth. He was then asked to repeat that
conversation.

The defendant's counsel objected to the question as irrelevant, incompetent and immaterial; secondly, as an attempt to prove another crime than that charged in the indictment; thirdly, on the ground that the conversation had taken place in Wayne county, and not within the jurisdiction of the court.

The district attorney thereupon declared that he offered this to corroborate the witness Elmer, and for no other purpose. Defendant objected to this, on the ground that until Elmer was impeached it was not competent.

The court overruled the objection, and the witness went on to detail the conversation, and stated amongst other things, in substance, that the prisoner had made a proposition to him (the witness) to join him, George and his brother Chester Mosher in stealing Fox's horses.

The court, at General Term, said : " The only point made by the plaintiff in error is, that the admission of this evidence was error because it tended to convict the prisoner of another crime than that charged in the indictment. We do not see that it had any such tendency. It did not appear that any crime resulted from the proposition made by the prisoner to Scott. It was not shown nor was it claimed that Fox's horses had been in fact stolen. Besides which the evidence was admissible as tending to corroborate the testimony of Elmer. It is always competent to introduce evidence, on the part of the prosecution, relying upon the evidence of an accomplice, to corroborate the testimony which has been given by the accomplice, although the accomplice has not been otherwise impeached than by the mere fact that he was an accomplice in the crime.

" The evidence, entirely irrespective of the testimony objected to, clearly established the guilt of the defendant. (*People* v. *Gonzalez*, 35 N. Y., 49–59.) "

*Anson S. Wood,* for the plaintiff in error. *R. S. Drummond,* district attorney, and *S. E. Payne,* for the People.

Opinion by TALCOTT, P. J.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Conviction and judgment affirmed.